UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EASTERN POULTRY
DISTRIBUTORS, INC. D/B/A
EASTERN QUALITY FOODS a Florida
corporation,

CASE NO.:

    Plaintiff,

v.

**JURY TRIAL DEMANDED**

LAIBA LOGISTICS LLC, a Utah
limited liability company,

    Defendant.
_____/

## COMPLAINT

Plaintiff EASTERN POULTRY DISTRIBUTORS, INC. D/B/A EASTERN QUALITY FOODS ("Eastern"), by and through its undersigned counsel, sues Defendant LAIBA LOGISTICS, LLC ("Laiba"), and alleges as follows:

### INTRODUCTION

1. This is a civil action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees, arising out of a dispute between Eastern and Laiba as to damaged cargo.

### PARTIES, JURISDICTION, AND VENUE

2. Eastern is a Florida corporation with its principal place of business in St.

Johns County, Florida. Eastern is a shipper of goods in interstate commerce.

3. Eastern is a citizen of Florida for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

4. Laiba is a Utah limited liability company and a for-hire motor carrier authorized by the Federal Motor Carrier Safety Administration to transport property in interstate commerce pursuant to motor carrier license number MC-1007647.

5. Upon information and belief, the members of Laiba are residents of Utah and not of Florida, and Laiba is not a citizen of Florida for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

6. Upon information and belief, Laiba is a citizen of Utah for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

7. Upon information and belief, and on the basis of Laiba's USDOT motor carrier registration, Laiba operates, conducts, engages in, or carries on business in the State of Florida, including within this judicial district.

8. Additionally, Laiba maintains an agent for the service of process within the State of Florida and within this judicial district located at: Acer Legal Resources Inc., 617 Irvington Avenue, Orlando, Florida 32803.

9. Because Eastern and Laiba are citizens of different states, and because the amount in controversy, exclusive of interest, costs, and attorneys' fees, is over $75,000.00, this Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

**GENERAL ALLEGATIONS**

10. On or about January 23, 2022, a 41,400 pound load of fresh chicken wings ("the Load") was not accepted by Eastern's initial consignee because it was "out of spec" due specifically to the incorrect size to which the chicken was cut.

11. Fresh chicken is a commodity which is exempt from regulation under the Carmack Amendment (49 U.S.C. § 14706).

12. Eastern was able to locate a new consignee (its supplier) for the Load who was willing to pay the original value of the Load, $102,013.01, so long as the Load was delivered to the new consignee by or before January 26, 2022.

13. The Load needed to be delivered to the new consignee by or before January 26, 2022 to remain fit for human consumption.

14. On or about January 24, 2022, Eastern contacted A1 Value Logistics, Inc. ("Value"), a licensed interstate transportation broker, regarding the delivery of the Load from the initial consignee in Tremonton, Utah to the new consignee in Laurel, Mississippi.

15. To facilitate the transportation of the Load from the initial consignee in Tremonton, Utah to the new consignee in Laurel, Mississippi, and with the knowledge that the Load had to be at the original consignee by or before January 26, 2022, Value brokered the Load to interstate motor carrier Laiba. The bill of lading for this trip is attached hereto as **Exhibit A** ("the Bill of Lading").

16. On or about January 24, 2022, the Load was placed onto one of Laiba's refrigerated trailers in good condition and pulping at the correct temperature.

17. During transport, Laiba's commercial motor vehicle broke down in Brule,

Nebraska for two days and Laiba was unable to deliver the Load to the new consignee by or before January 26, 2022 as specifically requested by Eastern.

18. In an attempt to salvage and avoid meat spoilage, Eastern permitted delivery to an alternate location, Americold in Sioux City, Iowa, but by the time Laiba made it to Americold it was January 28, 2022 and the Load was spoiled.

19. The Load arrived at Americold in a damaged state because of the mechanical breakdown, malfunction, or other error of Laiba's equipment.

20. Laiba was aware of, and assented to, the deadline by which the Load had to be delivered in order to be received in good condition.

21. At all times, the transportation of the Load was governed by the Bill of Lading, which expressly states: "It is mutually agreed as to each carrier of all or any of, said property over all or any portion of said route to destination and as to each party at any time interested in all or any or said property, that every service to be performed thereunder shall be subject to all terms and Conditions of the Uniform Domestic Straight Bill of Lading…"

22. As stated within Section 1(a) of the Uniform Straight Bill of Lading: "The carrier or the party in possession of any of the property described in this bill of lading shall be liable as at common law for any loss thereof or damage thereto, except as hereinafter provided."

23. Eastern demanded payment from Laiba for the full value of the loss, $102,013.01.

24. Upon information and belief, Eastern's claim was tendered to Laiba's cargo

liability insurer, RLI Insurance Company, who denied the claim.

25. To date, neither Laiba nor RLI has paid Eastern for its loss.

26. As a result of actions taken by Laiba, Eastern has sustained damages.

27. All conditions precedent to this action have occurred, been satisfied, or have been waived.

## COUNT ONE – BREACH OF CONTRACT AGAINST LAIBA

28. Eastern incorporates paragraphs 1 through 27 as if fully set forth herein.

29. Laiba agreed to deliver the Load in the same good condition in which the Load was placed onto Laiba's refrigerated trailer.

30. Implicit in that promise was the condition that Laiba was in possession of properly maintained equipment to perform those services and keep that promise.

31. Laiba breached that promise when it suffered a mechanical breakdown, malfunction, or other error during the trip causing the Load to arrive in a damaged, unsalvageable condition.

32. Further, Laiba agreed to deliver the Load in the same condition it was in at that time to the new consignee by or before January 26, 2022.

33. Implicit in that promise was the condition that Laiba was in possession of properly maintained equipment to perform those services and keep that promise.

34. Laiba breached that promise when its equipment failed during the trip and it was unable to deliver the Load to the new consignee by the proscribed deadline.

35. Moreover, Laiba failed to accept liability and issue payment to Eastern for

the damaged cargo pursuant to the terms of the Bill of Lading.

36. As a direct result of Laiba's breaching its agreement (the terms of the Bill of Lading) with Eastern concerning the transportation of the Load, Eastern suffered damages for which Laiba is liable in the amount of $102,013.01.

## COUNT TWO – NEGLIGENCE AGAINST LAIBA

37. Eastern hereby incorporates paragraphs 1 through 27 as if fully set forth herein.

38. As a motor carrier in interstate commerce, Laiba was duty-bound to ensure the safe, timely transport of the Load to its intended destination.

39. Laiba breached its duty by not delivering the Load to the new consignee in the same good condition in which it received the Load.

40. Specifically, Laiba breached its duty by not maintaining its equipment in proper working order sufficient to complete the timely delivery of the Load to the new consignee.

41. As a result of Laiba's actions and inactions, Eastern has suffered damages in the amount of $102,013.01.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth herein, Eastern demands a judgment for damages against Laiba for actual damages in the amount of $102,013.01, together with pre-judgment and post-judgment interest at the highest legal rate available, reasonable attorneys' fee and costs and any further relief this Court deems just, equitable, and proper, both at equity and law.

## **JURY DEMAND**

Eastern hereby demands a trial by jury on all issues so triable.

Date: May 27, 2022

                                                Respectfully submitted,

                                                /s/ John L. Marchione
                                                    John L. Marchione, Esq.
                                                    Florida Bar No. 114245
                                                    TAYLOR JOHNSON PL
                                                    20 3rd Street SW, Suite 209
                                                    Winter Haven, FL 33880
                                                    (863) 875-6950 (tel)
                                                    (863) 875-6955 (fax)
                                                    jmarchione@taylorlawpl.com
                                                    efiling@taylorlawpl.com
                                                    lroberts@taylorlawpl.com

                                              *Counsel for Plaintiff*