UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EASTERN POULTRY
DISTRIBUTORS, INC., etc.,

    Plaintiff,

v.                                      CASE NO. 3:22-cv-592-MMH-JBT

LAIBA LOGISTICS, LLC, etc.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Amended Motion for Entry of Default by Clerk Against Defendant Laiba Logistics LLC ("Motion") (Doc. 11). For the reasons stated herein, the Motion is due to be **DENIED**. Plaintiff must serve process by some other method, and file proof thereof, on or before December 30, 2022.

It is Plaintiff's burden to prove effective service of process. *See, e.g., Interactyx Americas, Inc. v. Dundy*, No. 2:18-cv-534-FtM-29MRM, 2018 WL 7494645, at *1 (M.D. Fla. Oct. 9, 2018). Service of process is not a formality; it is a matter of due process. If a defendant is not served properly, the Court lacks personal jurisdiction over it. *Kelly v. Florida*, 233 F. App'x 883, 884 (11th Cir. 2007) ("Generally, where service of process is insufficient, a district court lacks personal

1

jurisdiction over a defendant and, therefore, has no power to render judgment over that defendant.").[1]

In short, despite all of Plaintiff's efforts, it has not been able to produce a signed United States Department of Transportation ("DOT") Form BOC-3 ("Form BOC-3"), showing that Defendant effectively designated Trucker's Nationwide, Inc., as its process agent in every state in the country, including Florida.[2]  (*See* Doc. 13-1.)  Defendant, a Utah limited liability company, need not have a process agent in those states in which it does not operate.  *See* 49 U.S.C. § 13304(a).  The Court is concerned that Defendant may not operate in Florida.

Plaintiff's Request for Judicial Notice (Doc. 18) misses the mark because even if the Court takes judicial notice of the attached document, it still considers a fully executed Form BOC-3 as the best evidence of Defendant's designation of a registered agent in the State of Florida for service of process.  As stated, Plaintiff has failed to produce a Form BOC-3 signed by Defendant, and thus has failed to carry its burden of showing proper service.  (Docs. 8; 13-1.)  Moreover, Plaintiff

---

[1]The undersigned does not rely on unpublished opinions as binding precedent. However, they may be cited if they are persuasive on a particular point.  *See McNamara v. GEICO,* 30 F.4th 1055, 1060–61 (11th Cir. 2022).

[2]The Court is not criticizing Plaintiff's diligence in attempting to obtain a signed Form BOC-3.  The Court is surprised that Trucker's Nationwide, Inc. does not have a signed copy of the form or that such a copy is not available from the DOT.  Be that as it may, the issue before the Court is whether Plaintiff has carried its burden, not whether Plaintiff has diligently tried to obtain the form.  Given Plaintiff's extensive efforts however, it is also surprising that Plaintiff has not simply sought to effect proper service by some other method.

has failed to indicate why Defendant is not amenable to service by some other readily available method, including service on its registered agent in Utah.

Although Plaintiff has failed to properly effect service of process within the ninety (90) day time limit required by Federal Rule of Civil Procedure 4(m), the Court will *sua sponte* extend the time limit for Plaintiff to do so.  *See* Fed. R. Civ. P. 4(m).

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 11**) is **DENIED**.

2. **On or before December 30, 2022**, Plaintiff must properly serve Defendant by some other method and file proof thereof.

**DONE AND ORDERED** in Jacksonville, Florida, on October 26, 2022.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

3